NORTHERN PACIFIC RAILWAY COM-
PANY, a corporation, Great Northern
Railway Company, a corporation, Chi-
cago, Milwaukee, St. Paul & Pacific
Railroad Company, a corporation, Sac-
ramento Northern Railway, a corpora-
tion, Southern Pacific Company, a cor-
poration, Spokane, Portland & Seattle
Railway Company, a corporation, Union
Pacific Railroad Company, a corpora-
tion, The Western Pacific Railroad Com-
pany, a corporation, and Tidewater
Southern Railway Company, a corpora-
tion, Plaintiffs,

v.

UNITED STATES of America and In-
terstate Commerce Commission,
Defendants,

and

Stanislaus County, a political subdivision
of the State of California, Intervening
Defendant.

Civ. No. 3–65–7.

United States District Court
D. Minnesota,
Third Division.

May 19, 1965.

John MacDonald Smith, San Fran-
cisco, Cal., Frank S. Farrell and C. H.
Berg, St. Paul, Minn., for plaintiffs.

Arthur J. Cerra and Robert W. Gin-
nane, Washington, D. C., for defendant
Interstate Commerce Commission.

William H. Orrick, Jr., Asst. Atty.
Gen., John H. D. Wigger, Attorney, De-
partment of Justice, Washington, D. C.,
Miles W. Lord, U. S. Atty., by Sidney
P. Abramson, Asst. U. S. Atty., Minne-
apolis, Minn., for defendant United
States of America.

Tom B. Markley, of Markley & Cooke,
San Jose, Cal., and Philip J. Bloedel, of
Bloedel, Sundberg, Slade, Volstad &
Berry, Minneapolis, Minn., for interven-
ing defendant.

Before BLACKMUN, Circuit Judge,
and DONOVAN and LARSON, District
Judges.

DONOVAN, District Judge.

This civil action to enjoin, set aside
and annul an order of the Interstate
Commerce Commission dated September

22, 1964, as modified by its order of November 27, 1964,[1] came on for hearing before the undersigned statutory court of three judges in courtroom No. 2, St. Paul, Minnesota, at 10 a. m., on April 15, 1965.

Jurisdiction is conferred by Title 28 U.S.C.A. § 1336.

The issues in the case are directed at the record made at earlier hearings before said Commission and in which the present plaintiffs were defendants. The record discloses that Stanislaus County, California, and the Stanislaus County Chamber of Commerce, as original plaintiffs, alleged the existence of unlawful preference and prejudice contrary to law.

The Commission examiner, after a hearing in July 1956, found in favor of the County and the Chamber. The railroads filed exceptions and following oral argument before Division 2 of the Commission, the latter dismissed the complaint on November 21, 1957.[2] Motion to reconsider was denied.

The County and the Chamber on December 3, 1958 filed an action in the United States District Court for the Northern District of California. On December 12, 1960 said court filed a memorandum order directing the cause to be remanded to the Commission "for further consideration * * * after which either express findings of fact in reasonable detail, and conclusions of law drawn therefrom, or a narrative report in which the findings and conclusions of the ICC are more clearly stated, should be prepared." [3]

The "further consideration" by the Commission was thereupon given and the complaint was again dismissed on January 11, 1962.[4]

On April 30, 1962 the County and the Chamber again sought review before the court which had issued the order of remand and again the court (one judge dissenting) remanded the case to the Commission stating, among other comments, this: "The basic findings of the Commission as stated in its order provides no rational basis for the ultimate finding reached." [5]

The history of this litigation suggests thoughts of comity, res adjudicata, and

---

1. "The district court held that the facts as found in the subsequent report failed to justify the unequal treatment accorded points in Stanislaus County. Defendants and this Commission did not appeal that decision. There being no other justification on the record as made, complainants are, under the circumstances, entitled to relief from a situation which must be found unlawful.

"Upon further consideration, we therefore find that the assailed rates between points in Oregon, Washington, Idaho, Montana, Wyoming, Utah, and Colorado, on the one hand, and, on the other, points in Stanislaus County are, and for the future will be, unduly prejudicial to the latter points, and unduly preferential of points in the nearby California counties of San Joaquin, Contra Costa, Alameda, and Santa Clara, which are within the group taking rates to and from San Francisco, Calif., to the extent that the rates to and from points in Stanislaus County exceed the corresponding San Francisco-grouped rates to and from the latter points. The prior findings are reversed.

"It is ordered, That the defendants named in the complaint, to the extent that they participate in the transportation, be, and they are hereby, notified and required to cease and desist, on or before December 7, 1964, and thereafter to abstain, from practicing the undue prejudice and preference found herein to exist.

"It is further ordered, That said defendants, according as they participate in the transportation, be, and they are hereby, notified and required to establish, on or before December 7, 1964, upon not less than 30 days' notice to this Commission and to the general public by filing and posting in the manner prescribed under section 6 of the Interstate Commerce Act, and thereafter to maintain and apply rates, regulations, and practices which will prevent and avoid the undue prejudice and preference found herein to exist."

2. 302 I.C.C. 365.

3. Stanislaus County, California v. United States, D.C.N.D.Cal., 193 F.Supp. 145, 149.

4. 315 I.C.C. 459.

5. Stanislaus County v. United States, D.C. N.D.Cal., 236 F.Supp. 146, 151.

stare decisis.[6] However, interrogation by the court during oral argument and the responses of counsel for the litigants satisfied us that all counsel and the court in California will understand that our consideration of the case at bar is given only as a statutory three-judge co-ordinate court. Defendants have made no motion for a change of venue; hence we accept jurisdiction of this, the third chapter of the case.

The theory developed by oral argument, briefs submitted, and answers given by counsel when questioned by the court in the case at bar, amounts to agreement by the parties that although the case could have been venued in the Northern District of California, it is, nevertheless, properly here for review and disposition.[7]

The sole issue in the case based on the record before the court is directed at the necessity for basic as well as ultimate finding by the Commission pursuant to the Administrative Procedure Act and controlling decisions.[8]

■ The Commission's ultimate finding in the present case of undue preference and prejudice must necessarily depend upon subordinate factual findings of (a) disparity in rates, (b) substantial similarity of transportation conditions, and (c) resulting injury.

■ The order here submitted for review and decision refers to the findings in 302 I.C.C. 365 holding the assailed rates as not unduly prejudicial and preferential and to the later affirmance of those findings in 315 I.C.C. 459. It then recites the annulment of said orders by the District Court in California because the facts failed to justify unequal treatment; and, thereupon, the Commission completely reversed its prior holding and found in general terms that the rates in question were unduly preferential and unduly prejudicial. Such general wording of the controlling statute falls short of being adequate.[9]

Obviously, there is no dispute now that disparity of rates has been established and finds support in the record of the instant case. While one would expect that the elements of damage would be spelled out by appropriate basic findings in the Commission's current order, we are not, in the light of the limited record presented to us, in a position to disagree with the California's court conclusion as to injury.[10]

There is nothing by way of basic findings in the Commission's order which is directed to the similarity of transportation conditions involved. The order assailed relates to Stanislaus County as a blanketed entity; but there is no finding that every point in the county is prejudiced. The county has political boundaries. There is nothing in the record submitted to us to show that these are congruent with boundaries determined by rate-making considerations. No mention is made, positively or negatively, of pertinent supporting factors such as distance, terrain, and the like. There is nothing to support the conclusion that all points on all lines (main and branch) in the county were prejudiced or that anything but exact equality was prejudicial.

It will be helpful if the Commission take additional evidence, having to do with the question of similarity of transportation conditions in the present case, with the hope that more positive findings in that respect may end the prolonged litigation indulged in.

It is, therefore, ordered that the order appealed from be, and the same is, hereby annulled and set aside with directions to the Commission to take such action as is consistent with this order.

6. As indicated supra, this litigation has been pending before the Commission and three-judge courts in the Northern District of California since the mid-1950's.

7. 28 U.S.C.A. § 1398(a).

8. 5 U.S.C.A. § 1007(b); Atchison, Topeka and Santa Fe Railway Co. v. United States, D.C.N.D.Ill., 218 F.Supp. 359, 364, 365, 369.

9. Stanislaus County v. United States, D.C. N.D.Cal., 236 F.Supp. 146.

10. Stanislaus County v. United States, D. C.N.D.Cal., 236 F.Supp. 146, 150, 151.